SMITH *v.* SMITH.

FREDERICK D. SMITH, PETITIONER v. RUBIE L. SMITH, RESPONDENT.

(Filed 23 July, 1965.)

APPEAL by petitioner from *Hobgood, J.,* November 1964 Session of JOHNSTON.

This proceeding was begun in May 1964. Plaintiff, alleging co-tenancy with defendant, prayed for a sale for partition of a lot in Selma, the property involved in *Smith v. Smith,* 261 N.C. 278, 134 S.E. 2d 331.

Defendant is the widow of Almon F. Smith, who owned the lot at his death. Petitioner is the son of Almon Smith. Prior to the institution of this proceeding, and subsequent to the decision in *Smith v. Smith, supra,* defendant filed with the Clerk of the Superior Court of Johnston County notice of her election to take an estate for her life in the land here in question, as permitted by G.S. 29-30. Based on her election, she denied co-tenancy as alleged by the petitioner.

In October 1964, petitioner filed a motion praying for the appointment of a receiver, *pendente lite.* As a basis for his motion, he alleged defendant had sole possession, having ousted him. He asserted defendant, because of the delay in making an election, had lost the right to take an estate for life under G.S. 29-30.

The motion for the appointment of a receiver was heard in November 1964, at the same time a hearing was had on the son's challenge to the widow's right to take an estate for her life. The court denied the motion for the appointment of a receiver, and sustained the widow's right to make an election and take an estate in the dwelling for her life.

*L. Austin Stevens; Wiley Narron for petitioner appellant.*
*Lyon & Lyon for respondent appellee.*

PER CURIAM. We have today sustained the ruling that the widow had not lost the right of election given by G.S. 29-30. *Smith v. Smith, ante,* 18. Defendant's election to take an estate for her life has terminated the co-tenancy which would otherwise exist. The parties are not co-tenants, but tenants for life and in remainder, respectively.

Whether a receiver should have been appointed, *pendente lite,* was a matter resting in the sound discretion of Judge Hobgood. No abuse of discretion is shown. The question is now moot.

Affirmed.